10-3537-ag
Garcia-Camacho v. Holder
BIA
Straus, IJ
A088 387 248

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JAVIER GARCIA-CAMACHO,

> *Petitioner,*

> v.                                                10-3537-ag
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Randy Olen, Providence, Rhode Island.

FOR RESPONDENT:     Tony West, Assistant Attorney General; William C. Peachey, Assistant Director; Geoffrey Forney, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Javier Garcia-Camacho, a native and citizen of Mexico, seeks review of a July 19, 2010, order of the BIA affirming the April 16, 2009, decision of Immigration Judge ("IJ") Michael W. Straus pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Javier Garcia-Camacho*, No. A088 387 248 (B.I.A. July 19, 2010), *aff'g* No. A088 387 248 (Immig. Ct. Hartford, CT April 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

With respect to Garcia-Camacho's claim for withholding of removal,[1] the BIA did not err in finding that he failed to demonstrate his membership in a legally cognizable social group, which Garcia-Camacho defined as "persons who have long residence in the United States and who[] are returning to Mexico." Before the IJ, Garcia-Camacho testified that he feared kidnaping and extortion at the hands of criminal gangs who would target him and his family because they would be perceived as having money. However, we have held that perceived wealth is insufficient to establish membership in a particular social group. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("[w]hen the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA"). Moreover, the Ninth Circuit recently rejected a petition for review raising a virtually identical argument. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (finding that "[p]etitioners' proposed social group,

---

[1]Garcia-Camacho did not challenge the IJ's pretermission of his asylum application as untimely before the BIA, nor does he do so in his brief to this Court.

'returning Mexicans from the United States,'" was "too broad to qualify as a cognizable social group" because "[i]ndividuals falling within the parameters of this sweeping demographic division naturally manifest a plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings" (internal citations and quotation marks omitted)).

Garcia-Camacho argues that the BIA improperly defined his alleged social group, which he now claims is comprised of "Mexican citizens who are returning to Mexico, after a long period of residence in the United States, *who have immediate family members remaining in the United States.*" However, as noted above, Garcia-Camacho did not include "immediate family members remaining in the United States" in the social group that he offered before the IJ and the BIA, and he therefore has failed to exhaust his administrative remedies to the extent he proposes a new social group for the first time here. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004).

The BIA also did not err in denying Garcia-Camacho's application for CAT relief. Garcia-Camacho argues that the BIA erred in finding that the Mexican government would not

4

acquiesce in any attempted torture, asserting that "the documentary evidence in the record establishes that corruption is so entrenched in official police and government offices that persecutors are often themselves government officials." However, the record evidence also indicates that the Mexican government has taken affirmative steps to root out corruption and to prevent torture. Thus, the BIA reasonably determined that there was insufficient evidence to conclude that the Mexican government would acquiesce in or remain willfully blind to any torture attempts perpetrated by criminal gangs. *See* 8 C.F.R. § 1208.18(a)(1); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency."); *Khouzam* v. Ashcroft, 361 F.3d 161, 171 (2d Cir. 2004). Garcia-Camacho also failed to demonstrate that someone in his "particular alleged circumstances" would be singled out for torture. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

5

is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk